**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**AMANDA RAE CRITTENDEN** **PLAINTIFF**

**v.** **CAUSE NO. 1:25CV208-LG-RPM**

**DEPARTMENT OF NAVY** **DEFENDANT**

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Amanda Rae Crittenden has attempted to file employment discrimination claims against the Department of the Navy. The Department of the Navy has filed a [17] Motion to Dismiss, but Crittenden did not file a response by the deadline. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Department of the Navy's Motion to Dismiss should be granted.

**BACKGROUND**

In this pro se lawsuit, Plaintiff alleges that co-workers and supervisors subjected her to harassment and discrimination while she worked at the Child Development Center at the Naval Construction Battalion Center in Gulfport, Mississippi. She sues the Department of the Navy, and she attempts to assert the following claims:

> Hostile work environment from coworker and director;
> Workplace discrimination from director for disability/race/color;
> Denied a full time position for disability;
> Denied light duty after having severe case of covid;
> Letter of reprimand grievance denied;
> Ignored reports of hostile coworker and environment.

Compl. [1] at 4 (citation modified). The Court assumes she filed these claims under Title VII and the Rehabilitation Act. *See* 42 U.S.C. § 2000e–16 (providing that personnel actions affecting employees of United States military departments "shall be made free from any discrimination based on race, color, religion, sex, or national origin"); 29 U.S.C. § 794(a) (barring the federal government from discriminating against people based on their disabilities).

She attached the EEOC's April 21, 2025, Decision on Request for Reconsideration as an exhibit to her Complaint. In its Decision, the EEOC found that she "did not provide adequate justification to excuse the untimely filing of her appeal." EEOC Decision [1-1] at 3. The EEOC also gave her notice of her right to file a civil action within ninety days of receipt of its decision. She filed her Complaint with this Court on July 7, 2025. The Navy now seeks dismissal of this lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**DISCUSSION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation modified). Thus, federal courts have "an independent obligation to assess subject matter jurisdiction before exercising the judicial power of the United States." *SXSW, LLC v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). If the Court determines that it lacks subject-matter jurisdiction, the case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.*; *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). "Waiver of sovereign immunity is strictly construed, meaning uncertainty is decided in favor of the government." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (citation modified).

Congress waived the government's immunity from liability for employment discrimination claims when it enacted 42 U.S.C. § 2000e–16. Congress "chose to make the head of the department, agency, or unit the appropriate party defendant" in employment discrimination lawsuits filed by federal employees. *Butler v. U.S. Dep't of Agric.*, 826 F.2d 409, 412 (5th Cir. 1987) (citing 42 U.S.C. § 2000e–16(c)). The head of the department is also the proper defendant in lawsuits filed against government departments pursuant to the Rehabilitation Act. *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (citing 29 U.S.C. § 794a(a)(1)). Therefore, "[c]ourts lack subject matter jurisdiction over [discrimination] claims filed by Government employees against improper defendants." *Smith v. Garland*, No. EP-23-CV-390-KC, 2024 WL 4812273, at *5 (W.D. Tex. Nov. 17, 2024) (citation modified)). As a result, courts must dismiss Title VII and Rehabilitation Act claims filed against a defendant other than "the head of the department, agency or unit, as appropriate." *Kaswatuka v. U.S. Dep't of Homeland Sec.*, 7 F.4th 327, 331 (5th Cir.

2021) (affirming dismissal of Title VII claims filed against incorrect defendant); *Morgan v. Gilley*, No. 1:20-CV-306-TBM-JCG, 2021 WL 4480621, at *3 (S.D. Miss. Sept. 29, 2021) (dismissing Rehabilitations Act claims filed against improper defendants). "A pro se party is in no way exempted from compliance with the relevant rules of procedure and substantive law." *Kaswatuka*, 7 F.4th at 331.

Here, Plaintiff was required to name the Secretary of the Navy as the defendant, but she named the Department of the Navy. *See Billups v. U.S. Dep't of Navy*, No. 1:25CV76-HSO-BWR, 2025 WL 3679760, at *3 (S.D. Miss. Dec. 18, 2025) (finding that the Secretary of the Navy is the appropriate defendant). As a result, her claims must be dismissed without prejudice for lack of jurisdiction. *Id.* (citing *Quevedo v. Army & Air Force Exch. Serv.*, 234 F.3d 29 (5th Cir. 2000) (per curiam) (affirming dismissal of Title VII claim without prejudice because plaintiff sued incorrect defendant). It is not necessary to address the Department of the Navy's alternative arguments supporting dismissal.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [17] Motion to Dismiss filed by the Department of the Navy is **GRANTED**. This lawsuit is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO ORDERED AND ADJUDGED** this the 14th day of September, 2026.

s/ Louis Guirola, Jr.

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE